UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN DELL'AERA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-525 (VLB) |
| HOME DEPOT, U.S.A., INC., | : | |
|     Defendant. | : | July 13, 2007 |

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [Doc. #10]

The plaintiff, Jonathan Dell'Aera, initiated this personal injury action against the defendant, Home Depot, U.S.A., Inc. ("Home Depot"), in Connecticut Superior Court. The complaint claimed Home Depot's negligence caused Dell'Aera to suffer injuries while shopping at a Home Depot store on August 18, 2004. [Doc. #1] Home Depot removed this action to federal court pursuant to 28 U.S.C. § 1332(a)(1) and 1441(b). [Doc. #1] Dell'Aera filed the within motion for remand, contending that removal was untimely under 28 U.S.C. § 1446(b) ("1446(b)"). [Doc. #10] Home Depot maintains removal was proper under the second paragraph of 1446(b) because it filed the notice of removal within thirty days of receiving written discovery "upon which it could first be ascertained that the plaintiff was claiming damages greater than $75,000." [Doc. #14] For the reasons hereinafter set forth the motion for remand is DENIED.

I.    Factual Background

On June 29, 2006, Dell'Aera filed a complaint in Connecticut Superior

Court. The complaint alleges Dell'Aera, while visiting a Home Depot store[1], was struck in the head by a generator that fell during its removal from a high shelf and names the following damages:

> 6. ...[Dell'Aera] suffered cuts and lacerations to his head. He suffered contusions and a concussion to his head. He suffered a neck sprain/strain. He further suffered severe emotional upset and distress of mind. Some or all of these injuries are or may become permanent.
>
> 7. ...[Dell'Aera] has been forced to expend large sums of money for medical care and treatment, x-rays, drugs, and therapy and will be obligated to expend further sums for additional care in the future.
>
> 8. ...[Dell'Aera] lost much time from his employment and will, in the future, lose additional time, and his earning capacity has been impaired.

[Doc. #1]

In August 2006, Home Depot served discovery requests on Dell'Aera, including requests for medical records and neuropsychological evaluations. Dell'Aera partially responded on December 4, including the report of a September 6 neuropsychological evaluation of Dell'Aera. In relevant part, the report drew three conclusions: 1) Dell'Aera suffered significant head and brain injuries prior to the incident at Home Depot, resulting in reduced capacitation, an inability to maintain employment[2] and difficulty distinguishing between the psychological

---

[1]The complaint places the incident at a Home Depot store in Southington, CT. [Doc. #1] In a September 6, 2006, letter to Dell'Aera, Home Depot claims the incident in fact occurred at a store in Bristol, CT, and invites Dell'Aera to amend his complaint accordingly. [Doc. #14, Ex. A]

[2]The report explains Dell'Aera attended culinary school and started his own business, but "he could not handle that work with the problems he was having" caused by Dell'Aera's head injuries suffered prior to the Home Depot incident. [Doc. #14, Ex. D]

effects on Dell'Aera of the two distinct head injuries; 2) Dell'Aera's cognitive functions are slowed and require continued psychological evaluation and support; and 3) Dell'Aera may not have completed the evaluation with "high level effort" or in a "completely forthright manner," and the test results showed signs of Dell'Aera's "amplification" and "exaggeration" of his symptoms. [Doc. #14, Ex. D]

Sometime between September 2006 and January 17, 2007, Dell'Aera verbally informed Home Depot that he believed a settlement should be no less than $100,000.[3] Dell'Aera never placed this belief in writing, he did not offer a more definite settlement figure and settlement discussions did not progress throughout the winter.

On January 17, Home Depot sent a letter to Dell'Aera listing several discovery requests that remained partially or completely unanswered, including requests for Dell'Aera's medical records and bills, insurance status and information, medical records relating to preexisting conditions and employment records. The letter concluded:

> In addition, if you intend to claim damages for any alleged injuries discussed in [the September 6] neuropsychological evaluation and/or in any other reports that have not yet been provided, please amend your complaint so we know what injuries are in play. In light of your comment that you expect to make a settlement demand of six figures in this case, we plan to evaluate this case for removal to the Federal Court once we receive complete discovery responses and an

---

[3]Dell'Aera believes he mentioned a six figure settlement in early September 2006. [Doc #12, Ex. A] Home Depot recalls the comment occurred in early January 2007. [Doc. #15]

          **amended complaint, if any.**

**[Doc. #14, Ex. B]**

On January 26, 2007, Dell'Aera filed a pretrial memorandum in Connecticut Superior Court. The memorandum noted Home Depot had not yet received copies of all medical bills or reports, and claimed the following special damages: 1) $6,902.76 in actual medical expenses; 2) future medical expenses specified as "still treating - forthcoming"; and 3) lost wages listed as "forthcoming." The memorandum did not specify the permanence of Dell'Aera's injuries.

On March 7, 2007, Dell'Aera produced supplemental discovery responses including, for the first time, the report of a neurologist.[4] On April 5, 2007, less than thirty days later, Home Depot removed this case to federal court specifically citing the March 7 neurologist's report as the event that "caused Home Depot to conclude that the amount in controversy exceeds $75,000." [Doc. #1] Dell'Aera now seeks to remand this case to Connecticut Superior Court.

## II.    Standard

Home Depot, as the party invoking federal court jurisdiction through removal, bears the burden of "proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (internal quotation and citation omitted). If the jurisdictional facts are challenged, "the party asserting jurisdiction must support

---

[4] The neurologist's report for the first time specifically alleged Dell'Aera suffered a traumatic brain injury.

those facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" Id. (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

The time limitations for removal are detailed in 1446(b) as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

28 U.S.C. § 1446(b). The first paragraph of 1446(b) applies when the pleading, on its face, allows a defendant to "intelligently ascertain" removability and provides sufficient facts to support the removal petition. Whitaker v. American Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001). If such a determination is not possible from the initial pleadings, removal is proper within thirty days of learning a case is subject to federal jurisdiction under the second paragraph of 1446(b). See Vermande v. Hyundai Motor America, Inc., 352 F. Supp. 2d 195, 199-200 (D. Conn. 2004); United Food, 30 F.3d at 305.

Under the second paragraph of 1446(b), a defendant can ascertain the case became removable through "a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b). The "other paper" can consist of more than formal court filings, and "federal courts may look outside those pleadings to

other evidence in the record." Vermande, 352 F. Supp. 2d at 199 (internal quotation and citation omitted). A defendant does not, however, endure a duty to investigate the extent or nature of the plaintiff's claims beyond what is apparent from the record. Soto v. Apple Towing, 111 F. Supp. 2d 222, 225-6 (E.D.N.Y. 2000).

III. Discussion

Dell'Aera maintains his complaint, subsequent written discovery as well as a verbal comment regarding settlement informed the defendant beginning in June 2006 that the amount in controversy was sufficient to confer federal jurisdiction. Accordingly, Home Depot's delay until April 5, 2007 to remove this action to federal court was untimely.[5] Home Depot responds that at no time prior to the March 7 production of the neurologist's report could Home Depot have met its burden of proof and removed this action to federal court.

Evaluating the parties positions requires three determinations. First, whether the pleadings stated Dell'Aera's claim and damages sufficiently to inform the defendant federal jurisdiction existed. Second, if written discovery provided to Home Depot, when viewed in conjunction with the pleadings, allowed it to ascertain the case became removable more than thirty days prior to filing the notice of removal. Finally, the effect of communications between the parties on Home Depot's time limitations for removal.

A. The Pleadings

---

[5]The parties agree the amount in controversy is sufficient to grant federal jurisdiction in this case. Dell'Aera merely disputes the timeliness of the Home Depot removal.

Connecticut does not require a plaintiff to specify the amount of monetary damages sought in a civil suit, only whether that amount is greater than $15,000. See Conn. Gen. Stat. § 52-91. Thus, it becomes necessary to evaluate the amount in controversy by reviewing the underlying facts and injuries suffered as alleged in the complaint, interrogatory responses, production and depositions. Connecticut is a notice pleading and not a fact pleading jurisdiction. Understandably therefore Dell'Aera claims a generator fell and struck his head while he and a Home Depot employee removed the generator from a shelf. The complaint does not mention the dimensions, weight, make or model of the generator, providing no insight into what exactly struck Dell'Aera. The complaint's accounting of Dell'Aera's injuries is also vague. Dell'Aera's physical injuries are referred to as cuts, lacerations, contusions, concussion, sprain and strain to the head and neck. The exact location, severity and duration of the injuries are not listed, other than the boilerplate statement they "are or may become permanent." [Doc. #1] Likewise, the complaint claims medical expenses without specifying treatment and lost earnings without mentioning duration, amount or Dell'Aera's employment status.

  Recognizing the established view that a "plaintiff is the master of his or her claim," the complaint is accorded deference as to the amount of damages demanded. Charles A Wright et al., 14B Federal Practice & Procedure: Jurisdiction 3d § 3702, at 48 & n. 19 (citing cases); see also United Food, 30 F.3d at 305. In this instance, Dell'Aera chose not to delve into the specifics of his

claim nor elaborate on the extent or severity of his injuries.[6] The complaint is adequate for Connecticut Superior Court pleading requirements, but does not contain sufficient facts for Home Depot to have concluded to a reasonable probability that Dell'Aera's claim exceeded the $75,000 jurisdictional limit.

Further, Home Depot had no duty to investigate the removability of this action beyond the information provided in the complaint. See Soto, 111 F. Supp. 2d 225-26. In Soto, the court articulated that to impose such a duty "would give rise to cases of unwarranted removal, resulting in unnecessary, wasteful litigation and expense in federal court." Id. at 225; see also Casale v. Metropolitan Transportation Authority, No. 05civ4232(MBM), 2005 WL 3466405, at *4 (S.D.N.Y. Dec. 19, 2005) (noting purpose of limiting the first paragraph of 1446(b) to situations where defendant can intelligently ascertain removability form the four corners of the pleading is to spare federal courts superfluous litigation from unwarranted removal).

B.  Discovery

Dell'Aera maintains that even if the first paragraph of 1446(b) is inapplicable, remand is nevertheless warranted because removal was untimely under 1446(b)'s second paragraph. The crux of this argument is that the

---

[6]In support of his motion for remand, Dell'Aera asserts various theories of interpretation regarding the complaint. For instance, he contends the generator must have been heavy and capable of inflicting serious harm, why else would it require two people to remove it from the shelf? Dell'Aera also cites a dictionary definition of concussion as "a jarring injury of the brain resulting in disturbance of cerebral function." By his account, an injury of such description could only result in traumatic, permanent damage to the plaintiff. [Doc. #15] These arguments are tenuous and stretch interpretation of the complaint beyond everyday practicality.

September 6 neuropsychologist's report provided sufficient facts to ascertain removablility.

Dell'Aera correctly points out that written discovery responses generally, and interrogatories specifically, can constitute an "other paper" capable of triggering the thirty day clock under the second paragraph of 1446(b). See United Food, 30 F.3d at 305; Vermande 352 F. Supp. 2d at 199-200. Such a distinction in no way alters Home Depot's obligations under 1446(b), meaning the "other paper" must include information sufficient so that Home Depot ascertained the case became removable and provide competent proof to defend against Dell'Aera's inevitable challenge to federal jurisdiction. As of January 26, 2007, the date of the Superior Court pretrial memorandum, Dell'Aera was unable to identify sufficient facts to claim that he had damages in excess of $6,900. Nor was Dell'Aera able to claim any quantifiable permanent disability or loss of wages.

The complaint together with the discovery produced by Dell'Aera including the September 6 neuropsychologist's report did not meet that standard. The report contains two fatal flaws. First, the report calls into question Dell'Aera's honesty in characterizing his symptoms and performing cognitive tests. The neuropsychologist's opinion casts doubt on the accuracy and reliability of the report. Most notably it casts doubt on the diagnosis of Dell'Aera's injuries and symptoms. Second, the report raises significant questions of causation. It makes note of Dell'Aera's prior injuries and preexisting conditions, but fails to distinguish between the potential causes of those symptoms. In short, the report

leaves both damages and causation in doubt.

The court's ruling on this matter should not be interpreted as a finding on the extent of Dell'Aera's injuries. The issue at hand is limited to whether prior to March 7, 2007, Dell'Aera had given Home Depot sufficient factual basis to ascertain removability. Further discovery was required to effectively evaluate the scope of Dell'Aera's injuries and damages. Home Depot waited months for discovery responses until Dell'Aera's March 7 production included the neurologist's report. Only then could Home Depot ascertain the extent of Dell'Aera's claim and removability of this action.

C.     Party Communications

Dell'Aera's final contention is that he told Home Depot he would not settle for less than "six figures" ($100,000). The parties dispute the timing of this comment. The dispute is moot, however, because both purported dates are more than thirty days prior to the notice of removal. Nevertheless, the parties do not dispute the comment was verbal, the opinion was never reduced to writing and Dell'Aera never approached the topic with greater specificity. This is insufficient to trigger the thirty day clock under 1446(b).

Dell'Aera relies on <u>Williams v. Safeco Ins. Co. Of America</u>, 74 F. Supp. 2d 925 (W.D.Mo. 1999), and <u>Turner v. Baker</u>, No. 05-3298-CV-S-SWH, 2005 WL 3132325 (W.D.Mo. November 22, 2005). In both Missouri cases the plaintiff issued formal, written demand letters for a sum certain that triggered defendant's removal obligations under 1446(b). The facts are not analogous to those of the case at hand. Dell'Aera's vague expression of desire was not written to

constitute an "other paper," was not on the record to fit within the parameters set forth in Vermande, and, alone or along with prior written material, did not include specific enough information for Home Depot to ascertain the case became removable. Additionally, as a matter of judicial economy it would be wasteful to confer federal jurisdiction on each plaintiff who claimed "I want six figures," especially when he only had $6,900 in medical expenses, no articulated permanency claims and a neuropsychological report that cast doubt on his credibility and causation of his injuries.

Home Depot's January 17, 2007, letter places the circumstances and its contemporaneous knowledge in perspective: "In light of your comment that you expect to make a settlement demand of six figures in this case, we plan to evaluate this case for removal to the Federal Court once we receive complete discovery responses."

IV. Conclusion

Based on the foregoing, Dell'Aera's motion for remand is DENIED. Home Depot timely filed its notice of removal within thirty days of receiving the March 7 neurologist's report that first allowed it to ascertain the case became removable.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

**Dated at Hartford, Connecticut: July 13, 2007.**